⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-3285**

SEP 14, 2021 06:23 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| NAUSHEEBAH KAZMI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO.: |
| v. ) | |
| ) | |
| PUBLIX SUPER MARKETS, INC; and ) | |
| JOHN DOES 1-5, ) | |
| ) | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, NAUSHEEBAH KAZMI (hereinafter "Plaintiff"), in the above-styled action, by and through undersigned counsel, files this Complaint for Damage and shows the Court the following:

1.

Plaintiff is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

2.

Defendant PUBLIX SUPER MARKETS, INC. (hereinafter "Publix"), is a corporation organized and existing under the laws of the State of Florida, it is authorized to transact business in Georgia, it transacts business in Marietta, Cobb County, Georgia 3605 Sandy Plains Road, Suite 200 and is subject to the jurisdiction of this Court. Defendant may be served with summons and a copy of this Complaint by serving the Store Manager at 3605 Sandy Plains Road, Suite 200, Marietta, Georgia, 30066, and/or by serving its registered agent, Corporate Creations Network, Inc., 2985 Gordy Parkway, 1st floor, Marietta, Georgia, Cobb County, 30066.

# EXHIBIT A

3.

Plaintiff's Complaint arising out of an incident that took place while shopping at Defendant's place of business at 3605 Sandy Plains Road, Suite 200, Marietta, Georgia 30066.

4.

At all relevant times, Defendant(s) owned, operated, controlled, managed, insured, and/or maintained the Publix store and its premises located at 3605 Sandy Plains Road, Suite 200, Marietta, Georgia 30066.

5.

On information and belief, Defendants John Does 1-5 are additional individuals, corporations, partnerships, limited liability companies, parent companies and/or subsidiaries, limited partnerships, trusts, owners, occupiers, operators, managers, security companies, designers, construction companies, and/or agents of the Premises duly authorized and doing business in the State of Georgia. The true identities of John Does 1-5 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes that each said Defendant is legally liable to Plaintiff, negligently or in some other actionable manner for the events and happenings referred to below that proximately caused Plaintiff's injuries. John Does 1-5 will be named and served with the Summons and Complaint once their identities are known.

6.

Venue and jurisdiction are proper in this Court as one or more Defendants is located within Cobb County, GA and the acts or omissions causing the subject injury occurred within Cobb County, GA.

## FACTUAL ALLEGATIONS

7.

On or about September 17, 2019, Defendant(s) expressly and/or impliedly invited Plaintiff onto its premises making Plaintiff an invitee.

8.

Plaintiff was walking when she slipped and fell as a result of a liquid substance on the floor within the Defendant's premises.

9.

Plaintiff sustained injuries as a direct result of the liquid substance on the floor within the Defendant's premises.

10.

Plaintiff had no actual knowledge or constructive knowledge of the dangerous condition within the Defendant's premises

11.

Before Plaintiff's fall on September 17, 2019, Defendant(s) knew or should have known of the dangerous condition and therefore the Defendant(s) had actual or constructive knowledge of the hazard presented to Plaintiff and others.

## FAILURE TO WARN

12.

Plaintiff repeats, re-alleges, and incorporates by reference the allegations of paragraphs No. 1 through 11 of this Complaint as if repeated herein as paragraph No. 12.

13.

At all relevant times, Defendant(s) owed to Plaintiff a duty to warn Plaintiff of the dangerous condition in existence within Defendant's premises.

14.

Defendant(s) breached his duty its duty owed to Plaintiff when Defendant(s) failed to warn Plaintiff of the dangerous condition.

15.

Defendant(s) negligent, careless, and reckless conduct is the direct and proximate cause of Plaintiff's damages.

## **FAILURE TO INSPECT**

16.

Plaintiff repeats, re-alleges, and incorporates by reference the allegations of paragraphs No. 1 through 15 of this Complaint as if repeated herein as paragraph No. 16.

17.

At all relevant times, Defendant(s) owed Plaintiff a duty to inspect Defendant(s) premises for dangerous conditions.

18.

Defendant(s) breached its duty owed to Plaintiff by failing to inspect its premises for dangerous conditions.

19.

As a direct and proximate result of Defendant(s) negligent, careless, and reckless conduct, Plaintiff suffered severe bodily injuries including serious and permanent physical injuries,

substantial and continuing pain, suffering, emotional pain and discomfort, both past and future, and medical expenses and lost wages, both past and future.

20.

As a direct and proximate result of Defendant(s) negligent, careless, and reckless conduct, Plaintiff is entitled to an award of special damages for past and future medical expenses and lost wages in an amount to be shown at trial and general damages in an amount to be determined by a jury, all in an amount in excess of $15,000.00.

## VICARIOUS LIABILITY

21.

Plaintiff repeats, re-alleges, and incorporates by reference the allegations of paragraphs No. 1 through 20 of this Complaint as if repeated herein as paragraph No. 21.

22.

At all times relevant, the individuals responsible for properly opening the store, inspecting, cleaning, sweeping, and/or maintaining the premises where Plaintiff was injured were employed by Defendant(s), each respective, and/or were acting within the scope of their employment.

23.

Defendant(s) are responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency, and/or apparent agency.

24.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendant(s) and one or more or all above stated acts were the proximate causes of Plaintiff's injuries. Defendant(s) are liable for Plaintiff's injuries, pain and suffering, cost of

treatment, cost of surgeries, and all other elements of damages allowed under the laws of the State of Georgia.

## **NEGLIGENT TRAINING & SUPERVISION**

25.

Plaintiff repeats, re-alleges, and incorporates by reference the allegations of paragraphs No. 1 through 24 of this Complaint as if repeated herein as paragraph No. 25.

26.

Defendant(s) owed a duty to invitees and patrons and the general public, such as Plaintiff, to adequately hire, train, and supervise qualified individuals and/or companies to properly perform the job duties associated with a facility such as Defendant(s).

27.

Defendant(s) failed to hire, train, and supervise qualified individuals and/or companies to properly perform the job duties associated with a retail store such as Defendant(s).

28.

Defendant(s) failed to adopt appropriate policies and procedures to ensure that appropriate opening of the store, inspecting, cleaning, sweeping, and/or maintaining the premises was performed on the premises on the date of the subject incident.

29.

Defendant(s) failed to train its employees concerning safety procedures for opening of the store, inspecting, cleaning, sweeping, and/or maintaining the premises.

30.

Defendant(s) failed to hire, train, and/or supervise qualified individuals and/or companies to properly maintain and inspect the area that caused Plaintiff's injuries.

31.

Moreover, Defendant(s) were negligent in failing to adopt and enforce appropriate policies and procedures to make sure that opening of the store, inspecting, cleaning, sweeping, and/or maintaining the premises were performed to provide adequate, safe and/or suitable passageways to be used in said premises where Plaintiff was injured.

32.

Defendant(s) were negligent in training and supervising its staff.

33.

As a result of Defendant(s) negligence in training and supervising its employees, Plaintiff was injured on the premises.

34.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendant(s) and one or more or all above stated acts were the proximate causes of Plaintiff's injuries. Defendant(s) are liable for Plaintiff's injuries, pain and suffering, cost of treatment, cost of surgeries, and all other elements of damages allowed under the laws of the State of Georgia.

## ATTORNEYS FEES

35.

Defendant(s) have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense. Therefore, pursuant to O.C.G.A. §13-6-11, Plaintiff requests that she be awarded the expenses of litigation, including reasonable attorney's fees.

WHEREFORE, Plaintiff prays for judgment against Defendant in the following particulars:

a) All medical expenses, loss of the capacity for the enjoyment of life and lost earning capacity in an amount to be proven through the evidence at the time of the trial for the past, present and future;

b) All elements of pain and suffering for the past, present and future injuries;

c) All general, special, economic, compensatory, incidental, consequential, and all other permissible damages supported by the evidence at the trial;

d) Attorney's fees and cost of litigation in an amount that will be proven through the evidence at time of the trial;

e) That a jury be impaneled to resolve all factual disputes; and

f) For all further losses and recovery as deemed proper by the Court.

This 14th day of September, 2021.

Respectfully submitted,

**Sarah Cornejo Law, LLC**

Sarah P. Cornejo
Georgia Bar No. 641971
Attorney for Plaintiff

313 Creekstone Ridge
Woodstock, Georgia 30188
Office: 770-709-5955
Fax: 770-709-5778
sarah@scornejolaw.com